UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES HOLDEN,<br><br>                              Plaintiff,<br><br>    -against-<br><br>THE CITY; DEPUTY COMMISSIONER NYC CORRECTIONS; WARDEN MDC; WARDEN OF C-76; MDC UNKNOWN CORRECTIONAL OFFICERS INTAKE RECEIVING SEARCH AREA COURT BULL PEN JOHN DOES #1, #2, #3, #4, #5, #6; C-76 UNKNOWN CORRECTIONAL OFFICERS INTAKE AND RECEIVING RM SEARCH AREA & COURT TRANSPORT AREA JOHN DOES #1, #2, #3, #4, #5, #6; COMMISSIONER OF NYC CORRECTIONS,<br><br>                              Defendants. | 24-CV-0074 (AS)<br><br>ORDER OF SERVICE |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff, who currently in the custody of the New York City Department of Correction (DOC) at the North Infirmary Command on Rikers Island, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for excessive force, unlawful searches, and unconstitutional conditions of confinement. The complaint could also be liberally construed as asserting claims under state law. By order dated January 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint brought *in forma pauperis*, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction of the action. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.     Supervisory Officials: DOC Commissioner, Deputy Commissioner, and Wardens of MDC and EMTC**

To state a claim under § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

Rather "[t]o hold a [supervisory] official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). "The focus is on what the supervisor did or caused to be done, 'the resulting injury attributable to his [or her] conduct, and the *mens rea* required of [the supervisor] to be held liable, which can be no less than the *mens rea* required of anyone else.'" *Arnold v. Town of Camillus*, New York, 662 F. Supp. 3d 245, 263 (N.D.N.Y.

2023) (quoting *Tangreti*, 983 F.3d at 618). Plaintiff alleges generally that the DOC Commissioner and a Deputy Commissioner, and the wardens of the Eric M. Taylor Center ("C-76") and the Manhattan Detention Complex (MDC), either enacted or failed to enact policies and practices that resulted in violations of his rights. These general allegations do not include facts about what each of these supervisory defendants personally did or caused to be done, the resulting injury attributable to such conduct, and facts suggesting that the supervisor had the state of mind required for the alleged constitutional violations. Thus, at this stage, Plaintiff fails to allege facts sufficient to state personal-capacity claims under Section 1983 against any of these supervisory defendants. The claims are dismissed without prejudice to Plaintiff's repleading such claims in an amended complaint, filed in compliance with Rule 15 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, official-capacity claims against these individual supervisory defendants are unnecessary because such claims duplicate the claims against the City of New York. *See, e.g., Kanderskaya v. City of N.Y.*, 11 F. Supp. 3d 431, 435 (S.D.N.Y. 2014) (dismissing with prejudice claims against a police officer sued in an official capacity "because they are duplicative of [the plaintiff's] other claims against [the municipality]"), *aff'd*, 590 F. App'x 112 (2d Cir. 2015); *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself."). Plaintiff has named the City of New York as a defendant. The Court therefore dismisses the official-capacity claims against the DOC Commissioner, a DOC Deputy Commissioner, and the EMTC ("C-76") and MDC wardens as duplicative of his claims against the City of New York.

B.     **John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

sufficient information to permit the New York City DOC to identify the John Doe defendants involved in the July 17, 2023 use-of-force incident in an "isolation area" near the holding cell at MDC or the Manhattan Criminal Court. Plaintiff may also supply sufficient information to permit the New York City DOC to identify the John Doe defendants involved in searches conducted at EMTC (C-76) on dates in 2023.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where each defendant may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking defendants to waive service.

**C.      Service on the City of New York**

The Clerk of Court is directed to notify the New York City DOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

---

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, instead of personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

**D.     Automatic Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court dismisses Plaintiff's individual-capacity claims under 42 U.S.C. § 1983 against Defendants DOC Commissioner and Deputy Commissioner and MDC and EMTC (C-76) Wardens, without prejudice to Plaintiff's repleading these claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses Plaintiff's official-capacity claims against these defendants as duplicative of his claims against the City of New York.

The Court requests that the City of New York waive service. The Court directs the City of New York to comply with Local Civil Rule 33.2 within 120 days of the date of this order.

The Clerk of Court is directed to mail: (1) an information package to Plaintiff; and (2) a copy of this order and the complaint to the New York City Law Department at 100 Church Street, New York, NY 10007. A Prisoner Civil Rights Amended Complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    SO ORDERED.

Dated:   January 19, 2024
           New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge